IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARTINA CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 16-cv-37 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is commenced and is now pending in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, a certain civil action designated as No. 15-L-658, in which Martina Conley is plaintiff and Wal-Mart Stores, Inc. ("Wal-Mart") is defendant.

2. Venue lies in the United States District Court for the Southern District of Illinois in the East St. Louis Division pursuant to 28 U.S.C. § 1446(a) because plaintiff filed the original action in St. Clair County, Illinois, which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff Martina Conley is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Wal-Mart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Wal-Mart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. Plaintiff alleged in her complaint that she sustained extensive injuries to her head, body, limbs, including her neck and her back, and had experienced pain and suffering and would be reasonably certain to experience pain and suffering in the future as a result of her injuries, and alleged that she had lost money from wages and suffered impairment of future earning capacity.

9. Counsel for plaintiff and counsel for defendant conferred on January 5, 2016, and counsel for plaintiff declined to stipulate that the damages were below $75,000. The prayer in the complaint requests damages in excess of $50,000.

10. If a complaint does not establish the amount in controversy, then the party seeking removal must show by a preponderance of the evidence that the monetary threshold has been crossed. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006); *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). The Seventh Circuit Court of Appeals, in *Meridian*, held that evidence may be presented from interrogatories, contentions, admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees

or experts about how much it may cost to satisfy plaintiff's demands. *Meridian*, 441 F.3d at 541-42.

11. In *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006), the Seventh Circuit Court of Appeals held that, to satisfy the amount in controversy requirement, the defendant has the burden of showing that the plaintiff "hopes to get out of the litigation" an amount in excess of the $75,000 threshold, and once this burden is met the case remains in federal court unless some rule of law keeps the amount below the threshold. *Rising-Moore*, 435 F.3d at 815-16.

12. Based on the foregoing, a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## TIMELINESS

13. This notice of removal was filed within thirty days of the date of service on defendant.

## NOTICE REQUIREMENTS

14. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

15. A copy of this notice of removal was filed with the Twentieth Judicial Circuit, St. Clair County, Illinois as required by 28 U.S.C. §1446(d).

16. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Wal-Mart Stores, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY.**

DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Paige E. Elbe, #6319144
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARTINA CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 16-cv-37 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### **AFFIDAVIT**

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant Wal-Mart Stores, Inc., that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

_____
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 13th day of January, 2016.

_____
Notary Public

```
Official Seal
Connie S Slaton
Notary Public State of Illinois
My Commission Expires 07/15/2018
```

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARTINA CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  16-cv-37 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant Wal-Mart Stores, Inc., in the above-entitled cause; that on the 13th day of January, 2016, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 13th day of January, 2016, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Twentieth Judicial Circuit Court, St. Clair County Courthouse, Belleville, Illinois.

_____
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 13th day of January, 2016.

_____
Notary Public

Official Seal
Connie S Slaton
Notary Public State of Illinois
My Commission Expires 07/16/2018

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARTINA CONLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 16-cv-37 |
| WAL-MART STORES, INC., | ) ) ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2016, I electronically filed **Notice of Removal,** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Thomas C. Rich, Esq.        tomrich@thomrichlaw.com

DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
James E. DeFranco, #6181134
Paige E. Elbe, #6319144
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
ATTORNEYS FOR DEFENDANT