

# Service of Process Transmittal
12/15/2015
CT Log Number 528330641

TO: Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St MS 215
Bentonville, AR 72716-6209

RE: **Process Served in Illinois**

FOR: Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Conley Martina, Pltf. vs. Wal-Mart Stores, Inc. etc., Dft. |
| DOCUMENT(S) SERVED: | Summonses, Attachment(s), Complaint, Affidavit |
| COURT/AGENCY: | St. Clair County - 20th Judicial Circuit Court, IL<br>Case # 15L658 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about June 17, 2015 - 1530 West U.S. Highway 50, O'Fallon Illinois |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/15/2015 at 15:10 |
| JURISDICTION SERVED : | Illinois |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Thomas C. Rich<br>Thomas C. Rich, P.C.<br>6 Executive Drive, Suite 3<br>Fairview Heights, IL 62208<br>618-632-0044 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/16/2015, Expected Purge Date: 12/21/2015<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| TELEPHONE: | 312-345-4336 |

Page 1 of 1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RITE BUSINESS PRODUCTS BELLEVILLE, IL 62221 618-277-4109 STOCK FORM # 228

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number __15L 1058__

Amount Claimed _____

Plaintiff(s): Martina Conley

VS

Defendant(s): Wal-Mart Stores Inc., a corporation

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty: Thomas C. Rich PC _____ Code _____
Address: 4 Executive Dr., Suite 3
City: Fairview Heights, IL 62208 Phone 646-3200
Add. Pltf. Atty: _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME: registered agent, CT Corporation System
ADDRESS: 208 SO. LaSalle St. Suite 814
CITY & STATE: Chicago, IL 60604

**SUMMONS**
To the above named defendant(s):

☒

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20 _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☐ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 11-17- 20 15

Kahalah Clay, Clerk of Court
BY DEPUTY _____

SEAL

DATE OF SERVICE _____, 20 _____

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**

State of Illinois ) S.S.
County of St. Clair )

Case Number ___15L 638___

Amount Claimed _____

Martina Conley

VS

Wal-Mart Stores Inc.
a corporation

_____Plaintiff(s)_____ | _____Defendant(s)_____

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. _____ Code _____
Address _____
City _____ IL 2265 Phone _____
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME registered agent, CT Corporation System
ADDRESS 208 So. LaSalle St, Suite 814
CITY & STATE Chicago, IL 60604

**SUMMONS COPY**

[X] To the above named defendant(s)

[X]

[ ] A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20 __ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[ ] B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS 11-17- 20 15

Kahalah Clay
Clerk of Court

BY DEPUTY _____

SEAL

DATE OF SERVICE _____, 20 __
(To be inserted by officer on copy left with defendant or other person)

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $15,000 — SEE REVERSE SIDE**

CC-MR-1

## NOTICE TO DEFENDANTS (Pursuant to Supreme Court Rule)

In a civil action for money (under $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1.  You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney at the office of the Circuit Clerk, #10 Public Square, Belleville, Illinois.

2.  You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Court Clerk or the Sheriff's office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his attorney of your desire to do so. Request that he appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Court Clerk or the Sheriff, as only the Judge can dismiss a case, and, then only with a proper court order which must be entered in open Court.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| MARTINA CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO: 15L658 |
| ) | |
| WAL-MART STORES, INC., ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

FILED
ST. CLAIR COUNTY
NOV 16 2015

**COMPLAINT**

**COUNT I**
Negligence
(Martina Conley v. Wal-Mart Stores, Inc., a corporation)

Now comes the Plaintiff, Martina Conley, by and through her attorneys, Thomas C. Rich, P.C. and for her cause of action against the Defendant, Wal-Mart Stores, Inc., a corporation (hereinafter referred to as Wal-Mart), and respectfully represents unto the Court as follows:

1.  That at all times relevant hereto the Defendant, Wal-Mart, is authorized to do business in the State of Illinois and does business as a retailer in St. Clair County, Illinois and invites patrons and others onto its premises to conduct business.

2.  That at all times relevant hereto the Defendant, Wal-Mart, possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, the premises upon which it conducted business located at 1530 West U.S. Highway 50, O'Fallon Illinois.

3.  That the Defendant invited the general public, including the Plaintiff, to enter and exit the subject premises for the purposes of conducting business activities within the aforementioned

premises.

4. That it then and there became and was the duty of the Defendant, individually and through its agents, servants, and employees, to keep the premises in a reasonably safe condition for the Plaintiff and other persons lawfully in and about the premises and, further, not to create or allow any dangerous conditions to exist on or about the premises.

5. That at the aforementioned location, and on or about June 17, 2015, the Defendant, Wal-Mart, well knowing its duty in this regard, carelessly and negligently caused and permitted the premises to become and remain in a dangerous condition for persons using said premises, especially patrons, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

6. That at all times relevant hereto, the Plaintiff, Martina Conley, was lawfully on the aforesaid premises as a paying customer and exercising due care for her own safety.

7. That on June 17, 2015, the Plaintiff, Martina Conley, was entering the aforesaid premises when she was struck by the automatic doors, causing her to sustain severe injuries.

8. That at the aforesaid time and place, the Defendant, by and through its agents and servants, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the accident to occur:

    a. It failed to manage and maintain its premises in a safe condition;

    b. It failed to have a safe procedure for maintaining its doors on the aforesaid premises;

    c. It failed to provide a safe ingress and egress to its premises;

    d. It failed to provide a good, safe and proper place for the Plaintiff to, use, occupy and enter while on the common areas of the premises;

    e. It allowed and permitted the premises to become and remain in an unsafe,

        defective, and/or dangerous condition, which it knew or should have known existed;

f. It failed to inspect its premises to be certain it was in good, safe and/or proper condition;

g. It failed to warn the Plaintiff and others of the unsafe, defective and/or dangerous condition of the said premises;

9. That as a direct and proximate result of one or more of the following acts of negligence and/or omissions, the Plaintiff, Martina Conley, was injured as follows:

a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

b. The Plaintiff received injuries to her neck;

c. The Plaintiff received injuries to her back;

d. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

e. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

f. The Plaintiff has suffered disability as a result of her injuries;

g. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

h. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Martina Conley, prays judgment against the Defendant, Wal-Mart Stores, Inc., a corporation, for a fair and just award in excess of $50,000.00 (Fifty Thousand Dollars) plus costs of this suit.

**COUNT II**
**(Res Ipsa Loquitur)**
(Martina Conley v. Wal-Mart Stores, Inc., a corporation)

Now comes the Plaintiff, Martina Conley, by and through her attorneys, Thomas C. Rich, P.C. and for her cause of action against the Defendant, Wal-Mart Stores, Inc., a corporation (hereinafter referred to as Wal-Mart), and respectfully represents unto the Court as follows:

1. That at all times relevant hereto the Defendant, Wal-Mart, is authorized to do business in the State of Illinois and does business as a retailer in St. Clair County, Illinois and invites patrons and others onto its premises to conduct business.

2. That at all times relevant hereto the Defendant, Wal-Mart, possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, the premises upon which it conducted business located at 1530 West U.S. Highway 50, O'Fallon Illinois.

3. That the Defendant invited the general public, including the Plaintiff, to enter and exit the subject premises for the purposes of conducting business activities within the aforementioned premises.

4. That it then and there became and was the duty of the Defendant, individually and through its agents, servants, and employees, to keep the premises in a reasonably safe condition for the Plaintiff and other persons lawfully in and about the premises and, further, not to create or allow any dangerous conditions to exist on or about the premises.

5. That at the aforementioned location, and on or about June 17, 2015, the Defendant, Wal-Mart, well knowing its duty in this regard, carelessly and negligently caused and permitted the premises to become and remain in a dangerous condition for persons using said premises, especially patrons, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

6. That on June 17, 2015, the Plaintiff, Martina Conley, was entering the aforesaid premises when she was struck by the automatic doors, causing her to sustain severe injuries.

7. That said automatic door was within the management and/or control of the Defendant, Wal-Mart.

8. That the Defendant, by and through its agents and servants, owed a duty to the Plaintiff, Martina Conley, to use reasonable care of goods over which it had exclusive control.

9. That the Defendant, Wal-Mart, by and through its agents and employees, breached its duty of care towards the Plaintiff, Martina Conley, and by its acts of negligence and/or omissions caused the accident to occur which would not have ordinarily occurred absent negligence.

10. That as a direct and proximate result of one or more of the following acts of negligence and/or omissions, the Plaintiff, Martina Conley, was injured as follows:

   a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

   b. The Plaintiff received injuries to her neck;

   c. The Plaintiff received injuries to her back;

   d. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

   e. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

   f. The Plaintiff has suffered disability as a result of her injuries;

   g. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

   h. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Martina Conley, prays judgment against the Defendant, Wal-Mart Stores, Inc., a corporation, for a fair and just award in excess of $50,000.00 (Fifty Thousand Dollars) plus costs of this suit.

## COUNT III
(Supreme Court Rules 214 and 224)
(Martina Conley v. Wal-Mart Stores, Inc., a corporation)

COMES NOW the Plaintiff, Martina Conley, and for her Petition for Discovery pursuant to Supreme Court Rules 214 and 224 against the Defendant, Wal-Mart Stores, Inc. a corporation (hereinafter referred to as Wal-Mart), respectfully represents unto the Court as follows:

1. That on or about June 17, 2015, Plaintiff, sustained injuries when she was struck by an automatic door at Defendant's place of business located at 1530 West U.S. Highway 50, O'Fallon Illinois.

2. That Respondent, Wal-Mart, owned, operated, and/or maintained a video recording of the accident, presumably taken by a security camera.

3. That discovery and preservation of evidence is necessary to determine the identity of potential defendants which the Plaintiff would not otherwise be able to identify pursuant to Supreme Court Rules 214 and 224.

4. That the discovery sought would include, but is not limited to, preserving and obtaining the video recording of the fall, presumably taken by a security camera, and/or any other evidence, especially in order to preserve the video, so that potential Defendants can be identified with regard to Plaintiff's injuries sustained while entering the Respondent's place of business.

5. That the nature of the discovery sought is for the purposes of the preservation of evidence and discovery of documents, objects, and tangible things and the depositions of those parties, requiring parties to produce for inspection, copying, reproduction, photographing, testing

or sampling documents, objects, videotapes, or tangible things, related to the incident occurring on June 17, 2015, and the investigation thereof, pursuant to Supreme Court Rules 214 and 224.

6. That the Plaintiff shall ask for an Order authorizing her to obtain the aforementioned discovery and for the preservation of evidence to determine liability for the injuries sustained to the Plaintiff, Martina Conley.

**WHEREFORE**, Plaintiff requests that this Court enter an Order of Discovery against the Defendant, Wal-Mart Stores, Inc., a corporation, calling for preservation of evidence, identification of responsible persons and entities and the depositions of those parties, requiring parties to preserve evidence, produce for inspection, copying, reproduction, photographing, testing, viewing, or sampling documents, objects, videotapes, or tangible things, specifically related to a video recording, presumably taken by a security camera, of the incident occurring on June 17, 2015, and the investigation thereof, pursuant to Supreme Court Rules 214 and 224.

Respectfully submitted,

BY:   THOMAS C. RICH, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
tomrich@tomrichlaw.com

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| MARTINA CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO: |
| | ) |
| WAL-MART STORES, INC., | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT

Now comes Thomas C. Rich, P.C., attorneys for the Plaintiff in the above titled action, and at the time of the filing of this Complaint have reasonable grounds to believe that the damages to the Plaintiff as a result of the injuries sustained herein will be in excess of Fifty Thousand Dollars ($50,000.00).

11/11/15
_____
DATE

BY:  THOMAS C. RICH, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 phone / 618-632-9749 fax
tomrich@tomrichlaw.com

FILED
ST CLAIR COUNTY
NOV 16 2015