IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTINA CONLEY,<br><br>      Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>      Defendant. | Case No. 16-cv-0037-SMY-SCW |

**ORDER OF REMAND**

Defendant filed its Notice of Removal (Doc. 1) alleging diversity of citizenship pursuant to 28 U.S.C. § 1446(a). Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir.2008); *Smith v. Am. Gen. Life and Accident Ins. Co., Inc.,* 337 F.3d 888, 893 (7th Cir.2003)) , and having reviewed the Notice of Removal, the Court finds that Defendant insufficiently pled diversity jurisdiction.

A defendant removing a case to federal court bears the burden of demonstrating that the amount in controversy requirement is satisfied. *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 893 (7th Cir. 2003). The Court may accept a "good-faith estimate" only if it is "plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

Here, Defendant states "…a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000 exclusive of interest and costs." Doc. 1, p. 3, ¶12. However, Defendant has submitted no evidence to support its assertion. The notice states that Plaintiff declined to stipulate that the damages were *below* $75,000, but this does not obviate

Defendant's obligation to present evidence to meet its burden. *See Willyard v. Wal–Mart Stores, Inc.,* No. 08–cv–492–DRH, 2009 WL 303636, at *3 (S.D.Ill. Feb.6, 2009) (finding the plaintiff's estimate of over $50,000 in damages and allegations of severe and permanent injuries were not sufficient "without other supporting evidence" to establish the amount in controversy). Therefore, the Court finds subject matter jurisdiction lacking in this case. The Clerk of Court is **DIRECTED** to **REMAND** this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATE: February 11, 2016**                    /s/ Staci M. Yandle
                                               **STACI M. YANDLE**
                                               **DISTRICT JUDGE**